NO. 07-11-0317-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 15, 2011
_____

EARL DEAN OSBOURN, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181st DISTRICT COURT OF RANDALL COUNTY;

NO. 13,847-B; HON. JOHN B. BOARD, PRESIDING
_____

*Order of Dismissal*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Earl Dean Osbourn, Jr., appellant, attempts to appeal his conviction for Texas security act violations. The court imposed sentence on April 9, 2003. His notice of appeal was filed on August 4, 2011. We dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court or within ninety days after that date if a motion for

new trial is filed. TEX. R. APP. P. 26.2(a). Therefore, the notice of appeal was due on May 9, 2003.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If it is untimely, we can take no action other than to dismiss the proceeding. *Id*. at 523. Appellant's notice being untimely filed, we have no jurisdiction over the matter and dismiss the appeal.

Accordingly, appellant's appeal is dismissed.[1]

Brian Quinn
Chief Justice

Do not publish.

---

[1]The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).